**FILED**

JUN 1 9 2017

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

BRIAN M. CASEY,            :

      Plaintiff,          :

       v.                  :         Civil Action No. 17-1108 (UNA)

                         :

INTERNAL REVENUE SERVICE, *et al.*,   :

      Defendants.        :

## MEMORANDUM OPINION

Pursuant to the Prison Litigation Reform Act ("PLRA"), *in forma pauperis* status does not relieve a prisoner plaintiff of his obligation to pay the filing fee in full. *Asemani v. U.S. Citizenship & Immigration Servs.*, 797 F.3d 1069, 1072 (D.C. Cir. 2015). Rather than "pay the full filing fee at the time he brings suit . . . he can pay the filing fee in installments over time." *Id.* (citations omitted). However, certain prisoners cannot qualify for *in forma pauperis* status under the PLRA's "three strikes" rule:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id.* (quoting 28 U.S.C. § 1915(g)).

This plaintiff has accumulated more than three strikes. *See Casey v. Crews*, No. 3:13CV92, 2013 WL 942453, at *2 (N.D. Fla. Feb. 27, 2013) (citing cases "positively identified as having been filed by [Brian M. Casey], because they bear either his Florida Department of Corrections' inmate number, # 139647, or his Lee County Jail inmate number, # 101274,"), *report and recommendation adopted*, No. 3:13CV92, 2013 WL 941829 (N.D. Fla. Mar. 11,

2013) (dismissing case without prejudice as malicious under 28 U.S.C. § 1915(e)(2)(B)(i) for abuse of the judicial process); *Casey v. Scott*, No. 2:12CV2 (M.D. Fla. Jan. 5, 2012) (citing cases and dismissing complaint under 28 U.S.C. § 1915(g)), *aff'd*, No. 12-10646 (11th Cir. Oct. 30, 2012) (per curiam); *see also Casey v. Jones*, No. 2:17CV14073 (S.D. Fla. Mar. 15, 2017) (denying *in forma pauperis* application under 28 U.S.C. § 1915(g)), *appeal dismissed*, No. 17-11771-E (11th Cir. May 15, 2017).

Under these circumstances, plaintiff may proceed *in forma pauperis* only if he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The Court "assess[es] the alleged danger at the time [plaintiff] filed his complaint," *Mitchell v. Fed. Bureau of Prisons*, 587 F.3d 415, 420 (D.C. Cir. 2009), and in so doing "construe[s] his complaint liberally and accept[s] its allegations as true," *id.* (citing *Ibrahim v. District of Columbia*, 463 F.3d 3, 6 (D.C. Cir. 2006)). None of the complaint's factual allegations demonstrate that plaintiff is in imminent danger of serious physical injury. Rather, plaintiff's claim arises under the Freedom of Information Act and challenges the Internal Revenue Service's response to a request he had submitted for information about himself. *See* Compl. at 3 (page number designated by the Court).

The Court will deny plaintiff's application to proceed *in forma pauperis* and dismiss this civil action without prejudice. The plaintiff may file a motion to reopen this case upon payment in full of the $350 filing fee.

An Order is issued separately.

DATE: June 15, 2017

_____
United States District Judge